PORTO RICAN LEAF TOBACCO CO., APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Mortgage.

No. 249.—Decided February 10, 1916.

MORTGAGE—VALUATION OF PROPERTY—CONSTRUCTION OF LAW.—Article 127 of the Mortgage Law has become a dead letter because in the Act of March 9, 1905, regulating the execution of judgments, there is no suggestion of a minimum price and there is no possibility of any controversy or question as to the proper appraisement of the property to be sold; therefore the fact that no valuation is given in the mortgage cannot be regarded as rendering the instrument defective.

The facts are stated in the opinion.

*Mr. Luis Muñoz Morales* for the appellant.

The respondent registrar did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A mortgage presented by appellant for record in the Registry of Property of Guayama was indorsed by the registrar as follows:

"Record of the foregoing instrument is made, after examining the power of attorney referred to therein, on folios, volumes, numbers and records which are shown at the margin of the description of each of the properties in question, where appears the curable defect that no valuation is given to said properties, for the purposes of section 127 of the Mortgage Law."

Section 127 of the Mortgage Law, cited by the registrar, provides that

"In the mortgage shall appear the value of the estate as appraised by the contracting parties, which shall serve as a basis for the only judicial sale which can take place, if the period of the loan having expired, it does not appear in the registry of property that said loan has been paid."

The sole purpose of the requirement as to valuation is, as expressly stated in the law itself, to fix a basis for the sale of the property when made under the procedure subsequently outlined in the same law.

In *Cintrón et al.* v. *Banco Territorial y Agrícola,* 15 P. R. R. 495, it was held, as stated in the syllabus, that

"The special proceeding for the recovery of mortgage debts continues in force as to the first part thereof, namely, up to and including the provisions in regard to the demand for the payment of the debt, but it has been repealed as to that portion which might be known as compulsory proceedings—that is, that portion having reference to the sale of the encumbered property—which must be entirely under the Act of March 9, 1905, relating to judgments and the manner of satisfying them."

Under the law of 1905 referred to there is no suggestion of a minimum price and no possibility of any controversy or question as to proper appraisement of the property to be sold. It follows that article 127 of the Mortgage Law has become a mere dead letter, and failure to observe the requirement contained therein cannot be regarded as rendering an instrument defective.

The ruling appealed from must be reversed and the registrar directed to make the proper correction upon the record.

*Reversed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice del Toro took no part in the decision of this case.